Ex parte LEE MEAGHERS.

No. A-3611. Opinion Filed July 17, 1920.

(189 Pac. 745.)

In the matter of petition of Lee Meaghers for a writ of habeas corpus. Cause dismissed on motion of petitioner's counsel.

PER CURIAM. In the above entitled and numbered cause a petition was filed with the clerk of this court on August 18, 1919, for writ of habeas corpus, and upon the same day, on motion of L. L. Roberts, counsel for petitioner, the cause was dismissed and leave granted to withdraw the petition.

Ex parte EDDIE WILKINS.

No. A-3612. Opinion Filed July 17, 1920.

(189 Pac. 747.)

Eddie Wilkins petitioned for writ of habeas corpus. Dismissed on motion of petitioner's counsel.

PER CURIAM. In the above entitled numbered cause a petition was filed with the clerk of this court on August 18, 1919, for writ of habeas corpus, and upon the same day, on motion of L. L. Roberts, counsel for petitioner, the cause was dismissed and leave granted to withdraw the petition.

PRESSY JAMES v. STATE.

No. A-3491. Opinion Filed August 14, 1920.

(190 Pac. 421.)

Appeal from County Court, Oklahoma County; W. R. Taylor, Judge.

Pressy James was convicted of selling unlawfully intoxicating liquors, and he appeals. Affirmed.

Giddings & Giddings, for plaintiff in error.

W. C. Hall, Asst. Atty. Gen., for the defendant in error.

PER CURIAM. Plaintiff in error, Pressy James, was convicted at the June, 1918, term of the county court of Oklahoma county on a charge of unlawfully selling intoxicating liquor and his punishment fixed at a fine of $100 and imprisonment in the county jail for a period of 60 days. No briefs have been filed on behalf of plaintiff in error and no appearances made for oral argument. The Assistant Attorney General has imposed a motion to affirm the judgment of the trial court on the ground that the appeal has been abandoned. A careful examination of the record discloses no fundamental error prejudicial to the substantial rights of the plaintiff in error. It also appears that the appeal is without merit and has been abandoned. The motion of the Attorney General to affirm for failure to prosecute is therefore sustained. The judgment is affirmed.